UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE RETIREMENT PLAN OF THE UNITE HERE NATIONAL RETIREMENT FUND, and the Trustees of the UNITE HERE National Retirement Fund,<br><br>    Plaintiffs,<br><br>    v.<br><br>VILLAGE RESORTS, INC., d/b/a THE PURPLE HOTEL, KM COMMUNICATIONS, INC., and JOHN DOES 1-10) (all other trades or businesses under common control with Village Resorts, Inc.),<br><br>    Defendants. | Case No. 09 C 00905<br><br>Judge Bucklo |

**PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST VILLAGE RESORTS, INC., D/B/A THE PURPLE HOTEL and KM COMMUNICATIONS, INC.**

Plaintiffs, the Retirement Plan of the UNITE HERE National Retirement Fund and the Trustees of the UNITE HERE National Retirement Fund (collectively "Plaintiffs" or the "Fund"), by their attorneys Schulte Roth & Zabel LLP and local counsel Dowd, Bloch & Bennett, hereby move for entry of a final judgment order against defendant Village Resorts, Inc., d/b/a The Purple Hotel ("Village Resorts") and KM Communications, Inc. ("KM") (collectively, the "Defendants"), jointly and severally, pursuant to ERISA § 502(g)(2), 29 U.S.C., §1132(g)(2). In support of this motion, Plaintiffs state as follows:

    1. Plaintiffs filed this action against Village Resorts and its related control group member, KM, seeking to collect withdrawal liability, interest, liquidated damages,

DOC ID-12511456.4

1

and attorneys' fees and costs pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, *as amended* by the Multiemployer Pension Plan Amendment Act of 1980 (the "MPPAA"), 29 U.S.C. § 1381 *et seq.*

2. The Fund filed motions for summary judgment against each of the Defendants, and this Court granted the Funds' motions as to each Defendant.

3. Withdrawal liability violations are expressly treated as delinquent contribution violations, pursuant to ERISA §4301(b), 29 U.S.C. § 1451(b). As the Fund's action was brought with respect to the non-payment of withdrawal liability, pursuant to ERISA § 502(g), the Fund is entitled to an award of interest, liquidated damages, and attorneys' fees and costs, in addition to the withdrawal liability.

4. Based on settled law and undisputed (and admitted) material facts in this case, Plaintiffs are entitled to summary judgment against Village Resorts as a matter of law on their claims as set forth in the First Amended Complaint for withdrawal liability totaling $531,782.61.

5. Pursuant to ERISA Section 502(g)(2)(B), this Court shall award the Fund interest on the unpaid withdrawal liability amounts. The Fund is entitled to interest on the withdrawal liability amount, calculated at a rate of 1% per month, from the date payment was due. As of October 5, 2010, $220,040.46 in interest is due on the $531,782.61 withdrawal liability amount, as indicated in the Affidavit of Richard Rust which is attached as Exhibit A.

6. Pursuant to ERISA Section 502(g)(2)(C), this Court shall award the Fund liquidated damages in an amount not in excess of 20% of the withdrawal liability amount. The

Fund is entitled to liquidated damages in the amount of $106,356.52, which is 20% of the withdrawal liability amount awarded.

7. Pursuant to ERISA Section 502(g)(2)(D), this Court shall award the Fund reasonable attorneys fees and costs. As indicated in Exhibits B (Affidavit of Max Garfield) and C (Affidavit of Michele Reynolds), the Fund has incurred or will reasonably incur attorneys' fees and costs in this matter totaling $219,907.00. "Section 1132(g)(2) of ERISA requires a court to award reasonable attorneys' fees and costs to a fund that must obtain a judgment in order to collect delinquent contributions to a multiemployer fund, which is exactly what the Fund had to do in the district court." *Central States, Se. & Sw. Areas Pension Fund v. Wintz Props.*, 155 F.3d 868, 876 (7th Cir. 1998).

8. Plaintiffs respectfully submit that where the Fund has been awarded withdrawal liability by the Court, the additional amounts for interest, liquidated damages, and attorneys' fees and costs are mandatory and the court has no discretion over the imposition of such damages. *Central States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1372 (7th Cir. 1992); *Central States, Se. & Sw. Areas Pension Fund v. Carstensen Freight Lines, Inc.*, 1999 U.S. Dist. LEXIS 7202 (N.D. Il., May 6, 1999, Kocoras, J.).

**WHEREFORE**, for the foregoing reasons and accompanying papers, Plaintiffs respectfully request that this Court enter judgment in its favor against defendants Village Resorts, Inc. and KM Communications, Inc., jointly and severally, for withdrawal liability in the amount of $531,782.61, interest in the amount of

$220,040.46 (calculated through October 5, 2010), liquidated damages in the amount of $106,356.52, and attorneys' fees and costs in the amount of $219,907.00, for a total judgment amount of $1,078,086.59.

DOWD, BLOCH & BENNETT

/s/ Michele M. Reynolds,
Local Counsel

8 S. Michigan Avenue –19th Floor
Chicago, IL 60603
312-372-1361

SCHULTE ROTH & ZABEL LLP

/s/ Max Garfield,
Attorney for Plaintiffs

919 Third Avenue
New York, New York  10022
(212) 756-2000

*Attorneys for Plaintiffs*
