UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE RETIREMENT PLAN OF THE ) <br> UNITE HERE NATIONAL RETIREMENT ) <br> FUND, and the Trustees of the UNITE ) <br> HERE National Retirement Fund, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VILLAGE RESORTS, INC., d/b/a THE ) <br> PURPLE HOTEL, KM COMMUNICATIONS, ) <br> INC., and JOHN DOES 1-10 (all other trades ) <br> or businesses under common control with ) <br> Village Resorts, Inc.), ) <br> ) <br> Defendants. ) | Case No. 09 C 00905 <br><br> Judge Bucklo |

## PLAINTIFFS' MOTION FOR ENTRY OF IMMEDIATE FINAL JUDGMENT ORDER AGAINST VILLAGE RESORTS, INC., D/B/A THE PURPLE HOTEL and KM COMMUNICATIONS, INC.

Plaintiffs, the Retirement Plan of the UNITE HERE National Retirement Fund and the Trustees of the UNITE HERE National Retirement Fund (collectively "Plaintiffs" or the "Fund"), by their attorneys Schulte Roth & Zabel LLP and local counsel Dowd, Bloch & Bennett, hereby move for entry of an immediate order against defendants Village Resorts, Inc., d/b/a The Purple Hotel ("Village Resorts") and KM Communications, Inc. ("KM") (each a "Defendant," and together, the "Defendants"), jointly and severally, in accordance with the Fund's September 29, 2010 motion for entry of final judgment. In support of this motion, Plaintiffs state as follows:

1. Plaintiffs filed this action against Village Resorts and its related control group

DOC ID-13953694.2

1

member, KM, seeking to collect withdrawal liability, interest, liquidated damages, and attorneys' fees and costs pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, *as amended* by the Multiemployer Pension Plan Amendment Act of 1980 (the "MPPAA"), 29 U.S.C. § 1381 *et seq.*

2. Plaintiffs originally filed this action on May 5, 2008 in the United States District Court for the Southern District of New York. The action was subsequently transferred to this District.

3. The Fund filed motions for summary judgment against each of the Defendants, and this Court granted the Fund's motions as to Village Resorts on August 27, 2010 and as to KM on August 30, 2010.

4. On September 29, 2010 the Fund filed its motion for entry of final judgment and requested that this Court enter judgment in the amount of **$1,078,086.59** jointly and severally, against both Defendants.

5. On October 5, 2010, counsel for the Plaintiff and counsel for Defendant KM appeared before the Court in regards to the Fund's motion for entry of final judgment. Counsel for KM advised the Court that he wanted to discuss possible resolution with Plaintiff's counsel and requested that the Defendant be given three weeks to file any response to the Fund's motion.

6. This Court provided the Defendants until October 26, 2010 to file a response to the Fund's motion for entry of final judgment. In its September 29, 2010 minute order, the Court also directed the parties to notify the Court promptly if the issues regarding Plaintiff's motion were worked out.

7. Although the damages sought by the Fund are fixed by statute and there are no factual issues in dispute, the Fund's counsel contacted counsel for the Defendants in an attempt to resolve any purported issues. Defendants' counsel has not raised any specific issues in regards to the Fund's motion for entry of final judgment with Fund's counsel nor did Defendants make any settlement offer.

8. Neither Defendant filed any responsive pleading by the October 26, 2010 deadline imposed by this Court, nor did they request any extension to respond.

9. In accordance, with the Court's September 29, 2010 minute order, the Fund's counsel contacted Defendants' counsel on October 28, 2010, two days after the Court's October 26, 2010 deadline, to seek authority to notify the Court that the Defendants would not file any opposition to the Fund's motion for a judgment order. KM's counsel responded that he did not believe he had authority to allow the Fund's counsel to notify the Court that the Defendants did not intend to file opposition to the Fund's motion. Notwithstanding this, neither Village Resorts nor KM has opposed the Fund's motion.

10. The Fund remains concerned that Village Resorts (which is under common control with KM) is actively attempting to sell its only known asset, a parcel of land, which the Fund expects may be used to satisfy some or all of its judgment in this action. In part due to this concern and in part because this action has been pending for over two-and-a-half years and faced numerous litigation delays caused by Village Resorts, the Fund seeks immediate entry of judgment to avoid the potential loss or compromise of any asset that is now available to satisfy the judgment.

11. The Fund files this motion, in part, to bring to the Court's attention that the Fund's motions for summary judgment against both Defendants have been granted; that the Fund's motion for entry of final judgment has been filed; that the deadline for the Defendants to respond to the Fund's motion for entry of final judgment was October 26, 2010 and that neither Defendant filed any responsive pleading; and that prior to and since the time the Fund filed its summary judgment motions, neither Defendant has raised any legal objections to the Fund's motions or the amounts sought within the motions (or engaged in any serious settlement discussion with Plaintiff's counsel to resolve the litigation).

12. Plaintiff's counsel respectfully submits that there is no just reason to delay entry of a final judgment order against the Defendants in accordance with the Fund's pending motion for final judgment.

13. Accordingly, the Fund requests that this Court immediately grant the Fund's motion for entry of final judgment in the amount of **$1,078,086.59,** as further set forth in the Fund's pending motion for final judgment.

**WHEREFORE**, for the foregoing reasons and accompanying papers, Plaintiffs respectfully request that this Court enter judgment in its favor against Defendants Village Resorts, Inc., d/b/a The Purple Hotel and KM Communications, Inc., jointly and severally, for withdrawal liability in the amount of $531,782.61, interest in the amount of $220,040.46, liquidated damages in the amount of $106,356.52, and attorneys' fees and costs in the amount of $219,907.00, for a total judgment amount of $1,078,086.59.

DOWD, BLOCH & BENNETT

  /s/ Michele M. Reynolds,
  Local Counsel

  8 S. Michigan Avenue –19th Floor
  Chicago, IL 60603
  312-372-1361

SCHULTE ROTH & ZABEL LLP

  /s/ Max Garfield,
  Attorney for Plaintiffs

  919 Third Avenue
  New York, New York 10022
  (212) 756-2000

*Attorneys for Plaintiffs*